IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Valell Corporation | ) | No. 13-18088 |
| | ) | |
| Debtor. | ) | Honorable Judge: Eugene R. Wedoff |

**NOTICE OF MOTION**

**To: Attached Service List**

PLEASE TAKE NOTICE that on March 31, 2015 at 10:00 a.m., or a soon thereafter as Counsel may be heard I shall appear the Honorable Judge Eugene R. Wedoff in courtroom 744 of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois hall there and then present **MOTION OF REORGANIZED DEBTOR FOR ENTRY OF FINAL DECREE** pursuant to 11 U.S.C. 330, a copy of which is attached to this Notice and hereby served upon you.

/s/    O. Allan Fridman

**CERTIFICATE OF SERVICE**

I, O. Allan Fridman, hereby certify that I caused a copy of the following documents that to be served upon the following service list by email on March 25, 2014. A separate notice of hearing and amounts requested by the applicants was mailed by separate notice on March 13, 2015

/s/    O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062 847-412-0788 (6274954)

1

# SERVICE LIST

By ECF Filing and Mail:

Patrick S Layng,
Office of the U.S. Trustee
Region 11
219 S Dearborn St
Room 873
Chicago, Illinois 60604
USTPRegion11.MD.ECF
@usdoj.gov

(312) 814-4557
James.Newbold@illinois.gov

M. Gretchen Silver
Trial Attorney
Office of the United States
Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60603

James.Newbold@illinois.gov
Assistant Attorney General,
Revenue Litigation Bureau,
100 W. Randolph Street,
Chicago, IL 60601,

BY MAIL

Carolyn Burton
1744 North Central Ave.
Chicago, IL 60639-4108

Mercedes Benz Financial Services
PO Box 9001680
Louisville, KY 40210-1680

RBS Citizens
443 Jefferson Blvd
RJW 135
Warwick RI 02886

Wirtz Beverage Illinois
3333 South Laramie Avenue
 Cicero, Illinois 60804

Southern Wine and Spirit
300 Crossroads Pkwy,
Bolingbrook, IL 60440

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Valell Corporation | ) | No. 13-18088 |
| | ) | |
| Debtor. | ) | Honorable Judge: Eugene R. Wedoff |

**MOTION OF REORGANIZED DEBTOR FOR ENTRY OF FINAL DECREE**

Valell Corporation (the "Debtor") respectfully seeks the entry of a final decree closing his chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"). In support of this motion (the "Motion"), the Debtor respectfully represents as follows:

1. On April 30, 2013, (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

2. On September 24, 2015, the court entered its Order Approving the Amended Disclosure Statement for Debtor's Fourth Amended Plan of Reorganization [Docket No. 150] (the "Confirmation Order").

**RELIEF REQUESTED**

3. Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §350(a). Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements,

1

providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

4. Because the Debtor's estate is fully administered, the Debtor requests entry of a final decree closing the Chapter 11 Case.

## BASIS FOR RELIEF

5. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, but the Advisory Committee Note to Bankruptcy Rule 3022 sets forth a nonexclusive list of factors to be considered to determine whether a case has been fully administered, including whether:

   a) the order confirming the plan has become final;
   b) deposits required by the plan have been distributed;
   c) the property proposed by the plan to be transferred has been transferred;
   d) the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
   e) payments under the plan have commenced; and
   f) all motions, contested matters, and adversary proceedings have been finally resolved.

6. Various courts have viewed these factors as a guide for determining whether a case should be closed. See, e.g., *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 223- 24 (Bankr. W.D.NY 1997) (closing case upon finding that case had been fully administered according to Advisory Committee Note factors); *In re Jay Bee Enters.*, Inc., 207 B.R. 536, 538- 39 (Bankr. E.D. Ky. 1997) (same). See *In re Jr. Food Mart of Ark., Inc.*, 201 B.R. 522, 524, 526 (Bankr. E.D. Ark. 1996) (closing case so "that no further [section 1930(a)(6)] fees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of section 1930(a)(6) fees and also noting that there is "no provision of law that prevents closing a chapter 11 case

2

before payment of the [section 1930(a)(6)] fees in question").

7.  Bankruptcy courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. See In *re BankEast* Corp., 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). To determine whether a bankruptcy estate is substantially consummated for the purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. See Walnut Assocs., 164 B.R. at 492. Section 1101(2) defines substantial consummation as follows:

> (a) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of management of all or substantially all of the property dealt with by the plan; and
> (c) commencement of distributions under the plan.

11 U.S.C. § 1101(2); see also *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (holding that case was "fully administered" notwithstanding fact that certain disbursements remained to be made); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (same); *In re Jordan Mfg. Co., Inc.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) (holding that a court should not delay entry of final decree simply because all payments under the plan have yet to be made).

8.  Local Rule 3022-1 requires that the party moving to close the case shall state with the notice or motion the actual status of payments due to each class under the confirmed plan. To that end, the distributions contemplated by or described in the Plan have been completed as follows:

| Class | Treatment | Status of Payments/ Dates of Distribution |
|---|---|---|

3

| Class 1 Administrative Claim | Impaired | Payments will be made according to plan and agreed terms. US Trustee fee to be paid in full |
| --- | --- | --- |
| Class 2. Allowed Priority Claim Illinois Department of Revenue | Impaired | Monthly Payment made pursuant to terms described in the plan |
| Class 3 | Impaired | Payments will begin in the Second Quarter |
| Class 4.Unsecured | Impaired | Payments will begin in the Second Qaurter |

9. In this case, the Confirmation Order has become a final order. The initial payment to the Class 2 creditors has been made. All claims objections have been resolved. Accordingly, the estate of the Debtor has been "fully administered," and the Chapter 11 Case should be closed, as provided by the express language of section 350(a) of the Bankruptcy Code.

## NOTICE

10. Notice of this Motion, has been given to (a) the Office of the United States Trustee for the Northern District of Illinois, (c) all creditors. In light of the nature of the relief requested herein, the Debtor submits that no further notice of the Motion is necessary or required.

11. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter a final decree, substantially in the form attached hereto, closing the Chapter 11 Case; and (b) grant such other and further relief as is necessary and proper.

4

                Respectfully Submitted,

                Valell Corporation

                By:/s/ O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
847-412-0788
 6274954

5